UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE JETT, # 194451

       Petitioner,                   Case No.: 2:06-CV-13938

vs.                                         HON. LAWRENCE P. ZATKOFF
                                            MAG. JUDGE STEVEN D. PEPE

THOMAS K. BELL, Warden

       Respondent(s).
_____/

**REPORT AND RECOMMENDATION ON
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (DKT. #5)
&
PETITIONER'S MOTION FOR FULL AND/OR
PARTIAL JUDGMENT ON THE PLEADINGS (DKT. #9)
&
PETITIONER'S MOTION TO STRIKE RESPONDENT'S SUPPLEMENTAL ANSWER (DKT. #32)**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. #1) on September 6, 2006. On September 14, Respondent was ordered to file a response by March 14, 2007 (Dkt. #2). Respondent then filed a motion for summary judgment on March 13, 2007, arguing that Petitioner's claim was barred by the statute of limitations (Dkt. #5). Petitioner responded attaching documents that demonstrate a clerical error in the state court (Dkt. #8). This lead to Respondent's inaccurate calculation of the limitations period, which Respondent now acknowledges was timely. Petitioner also filed a motion for full and/or partial summary judgment on the pleadings (Dkt. #9) with a supplement to his motion on April 18, 2007 (Dkt. #28). Respondent filed a response to Petitioner's motion on May 17, 2007 (Dkt. #30).

Subsequently, Respondent filed a supplemental answer to the habeas petition (Dkt. #31),

which Petitioner moved to strike on June 21, 2007 (Dkt. #32).

All outstanding motions were referred for report and recommendation under 28 U.S.C. 636 (b)(1)(B) on March 21, 2007 (Dkt. #10). For reasons stated below, it is recommended that each of these three motions be **DENIED.**

## I. INTRODUCTION

Respondent's Motion for Summary Judgment argued that review of the petition for habeas corpus was barred by the statute of limitations under 28 U.S.C. § 2244(d) as amended by the Anti-Terrorism Effective Death Penalty Act. The federal habeas corpus statute states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration or the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d).

Respondent calculated the statute of limitation in Petitioner's case as follows:

> In this case, the period of limitations started running on July 2, 2004. This date is 91 days after the Michigan Supreme Court denied relief. Petitioner had 90 days to file a petition for certiorari, and the limitations period started running the next day.
> The statute of limitations is tolled under 2244(d)(2) if a properly filed petition for post-conviction review is pending in the state courts. Petitioner did, in fact, file a motion for relief from judgment in the trial court on April 1, 2005. (Exhibit 1, Docket Sheet). This tolled the statute with 91 days remaining. However, "the statute

> of limitations is tolled only while the state courts review the application." Petitioner's post-conviction proceeding was pending only until the Michigan Supreme Court denied relief on May, 30, 2006. "The application for state post-conviction review is therefore not "pending" after the state court's postconviction review is complete, and §2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."5 Petitioner did not, in any case, file a petition for a writ of certiorari.
>
> The statute began to run on May 31, 2006 and ran out 91 days later on August 30, 2006. The petition was not filed until September 6, 2006 and must therefore be dismissed as untimely filed.

(Dkt. #5, p. 5.) Respondent attached a docket sheet reflecting that Petitioner had filed for a motion for relief from judgment on April 1, 2005 (Dkt. #6).

Petitioner pointed out in his response that his motion for relief had not been submitted on April 1, 2005, but on March 21, 2005. Therefore, the statute of limitations ran out on September 9, 2006, not August 30, 2006, as Respondent had alleged (Dkt. #8, pp. 1-3). Petitioner explained the cause for Respondent's error:

> Petitioner's motion for relief from judgment was filed on March 21, 2005; time stamped by the circuit court clerk's office as filed on March 21, 2005, and time stamped as received by the Wayne County Prosecutor's Office on March 21, 2005. Attached hereto as Exhibit B is a copy of the face sheet of the motion for relief from judgment as contained in the trial court file which reflects the foregoing.1 After the motion was denied in the trial court counsel obtained a docket sheet from the circuit court clerk's office to attach as an exhibit to Petitioner's application for leave to appeal to the court of appeals. The docket sheet, Exhibit C, is the same docket sheet which Respondent obtained from the Rule 5 materials and attached as Exhibit 1 to its motion for summary judgment. The problem with that docket sheet is that the filing date is in error because the date used for filing was the date some clerk logged the motion for relief into the computer system and not the date of actual filing.2 After counsel noticed the error a complaint was registered with a supervisor that the date was wrong and that the original document in the court file should be checked for the correct date of filing.
> A couple of months later the error was corrected as reflected on a May 23, 2005, docket sheet. Exhibit D. This new docket sheet was attached as an exhibit to Petitioner's application for leave to appeal to the Michigan Supreme Court.

(Dkt. #8, pp. 2-3 (footnotes omitted).)

Petitioner argued that Respondent's motion for summary judgement was "extremely

frivolous and reckless," (Dkt. #8, p. 1.) and alleged that Respondent ignored Rule 5 pleadings, failed to inspect the trial court file, failed to look at a current docket sheet, and failed to contact Petitioner for concurrence or non-concurrence in the motion as is required by Local Rule 7.1 of the Eastern District of Michigan. He noted that if Respondent had contacted him, he would have corrected Respondent's incorrect assumption (Dkt. #8, pp. 1-2).

Petitioner also filed a motion for summary judgment on the pleadings arguing (1) that Respondent has defaulted on the petition and that habeas corpus should be granted, (2) that Respondent has waived the defenses of exhaustion, procedural default, and non-retroactivity, and (3) that the Court should decide the petition without allowing Respondent to file any further pleadings or make any arguments (Dkt. #9, pp. 6-10).

Respondent, in his response to Petitioner's motion for full or partial summary judgment, conceded that the habeas corpus was timely, and asserts that the miscalculation was inadvertent (Dkt. #30, pp. 1,3). He explained that subsequent to the filing of his motion for summary judgment, his office received additional Rule 5 materials that were sent to the office without further review. Respondent also argued that default judgment is not available to habeas petitioners, and that Respondent did not waive any defenses.

**II. STANDARD**

Default judgment is not available to habeas petitioners in federal court.

> A federal court may grant habeas corpus relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Based upon the express language of this habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). *Accord Bleitner v. Welborn*, 15 F .3d 652 (7th Cir.1994); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987).

*Floyd v. Burt*, 2007 WL 295028, *1 (E.D. Mich. 2007).

Furthermore, a state will not be deemed to have waived a defense based on an inadvertent error or miscalculation. *See Day v. McDonough*, 547 U.S. 198 (2006) (where the state made an inadvertent error by failing to plead the statute of limitations as a defense, the court did not err by raising it sua sponte, because nothing in court record reflected that the failure to raise the defense was a strategic decision or that Defendant chose to relinquish it).

Finally, Rule 15(a) of the Federal Rules of Civil Procedure, which govern habeas corpus and other civil proceedings, requires that leave to amend be " freely given when justice so requires."

### III. DISCUSSION

In this case, Respondent relied on incorrect information from the county clerk's office and later conceded his error in response to Petitioner's correction. Nothing in the court record reflects that, once Respondent had accurate information from the clerk's office, he would intelligently waive all other defenses. While Respondent did fail to comply with Local Rule 7.1, the relief requested by Petitioner is not appropriate under *Perini* and *McDonough*. While Respondent's counsel may have been careless in not reviewing the additional Rule 5 materials to confirm the critical date of Petitioner's filing for relief from judgment in state court, Respondent's counsel did rely on an incorrect state court filing entry and this reliance does not rise to the level of recklessness in making this limitations period error. Nor was his motion for summary judgment frivolous based on the date he believed to be correct, as Petitioner repeatedly alleges.

This Court has the discretion to accept Respondent's supplemental answer in opposition to the petition of writ of habeas corpus. Because a pleading must be filed in response to the habeas petition, and Respondent has already conceded that its motion for summary judgment is without

merit, Petitioner's motion to strike should be denied.

**IV.    CONCLUSION**

For the reasons stated above, **IT IS RECOMMENDED** that Respondent's Motion for Summary Judgment (Dkt. #5), Petitioner's Motion for Full and/or Partial Summary Judgment (Dkt. #9) **,** and Petitioner's Motion to Strike Respondent's Supplemental Answer (Dkt. #32) **BE DENIED.**

Any objections to this Report and Recommendation must be filed within ten (10) days of its service.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  Failure to file objections within the specified time constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: July 31, 2007                                                                  s/Steven D. Pepe
Flint, Michigan                                                                       UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 31, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system, which will send electronic notification to the following: William G. Campbell, S. Allen Early, III and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

                   s/James P. Peltier
                   U.S. District Court
                   600 Church St
                   Flint, MI 48502
                   810-341-7850
                   pete_peltier@mied.uscourts.gov